IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP,<br><br>    Plaintiff,<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION, KIMBERLY-CLARK GLOBAL SALES, INC., and KIMBERLY-CLARK WORLDWIDE, INC.<br><br>    Defendants. | Civil Action No. 09 CV 2263<br><br>Judge Virginia M. Kendall |

**PLAINTIFF'S MOTION
FOR REASSIGNMENT BASED ON RELATEDNESS**

Since April 2009, Judge Kendall has had before her a trademark-infringement action between Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") and Kimberly-Clark Corporation, Kimberly-Clark Global Sales, Inc., and Kimberly-Clark Worldwide, Inc. ("Kimberly-Clark"). In this pending civil action (the "Original Action"), Georgia-Pacific alleges that Kimberly-Clark's use of diamond-shaped emboss patterns on Cottonelle® Ultra and Scott® Professional bath tissue infringes and dilutes Georgia-Pacific's rights in the Quilted Diamond Design embossed on Quilted Northern® bath tissue.[1] In the Original Action, the parties already conducted expedited discovery, briefed a preliminary injunction motion, and are in the process of briefing a summary judgment motion.

In the face of the claims pending in the Original Action, Kimberly-Clark brazenly launched a "new" diamond-shaped emboss pattern for its Scott® Extra Soft bath tissue. Therefore, on November 13, 2009, Georgia-Pacific filed a civil action, No. 09-CV-7157, against the same Kimberly-Clark defendants alleging that the Scott® Extra Soft emboss infringes and dilutes

---

[1] The infringing design embossed on Cottonelle® Ultra tissue has been referred to as the "Cottonelle Design" and the infringing design embossed on Scott® Professional tissue has been referred to as the "K-C Commercial Design."

1

Georgia-Pacific's rights in the same Quilted Diamond Design (the "Second Action"). The Second Action was randomly assigned by the Clerk to Judge Robert M. Dow Jr.

The Second Action involves the *same* intellectual property, the *same* parties, and the *same* causes of action as the Original Action.[2] Judge Kendall already is familiar with the parties and the relevant intellectual property, she has been briefed on the facts, causes of action, and defenses in the Original Action, which are likely to be similar, if not identical, to the Second Action. Having both cases before the same judge will create substantial judicial efficiency, avoid inconsistent rulings, and conserve scarce judicial resources. Accordingly, pursuant to Local Rule 40.4, Georgia-Pacific requests that the Second Action be deemed related to the Original Action and reassigned to Judge Virginia M. Kendall.

## I.    ARGUMENT

### A.    The Cases Are Related Pursuant to LR 40.4(a).

Local Rule 40.4(a) defines cases as related if:

(1)   the cases involve the same property;
(2)   the cases involve the same issues of fact or law;
(3)   the cases grow out of the same transaction or occurrence; **or**
(4)   in class action suits, one or more of the classes involved in the cases is or are the same.

Although only <u>one</u> criteria from Local Rule 40.4 needs to be met in order for the cases to be related, here, the Original Action and the Second Action satisfy the requirements of <u>both</u> sections (1) and (2). Specifically, both cases involve Georgia-Pacific's trademark rights in the Quilted Diamond Design and both cases involve the same issues of fact and law.

---

[2] In addition to all of the federal and state trademark infringement, dilution, and unfair competition claims existing in the Original Action, the Second Action contains an additional claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. A copy of the Complaint in the Second Action is attached as Exhibit 1 to the accompanying Declaration of R. Charles Henn Jr. ("Henn Dec.").

1. **The Cases Involve the Same Intellectual Property.**

Both cases involve Kimberly-Clark's infringement of Georgia-Pacific's "Quilted Diamond Design" which is prominently featured on Quilted Northern® bath tissue and featured on the packaging for the Quilted Northern® products. In both Complaints, Georgia-Pacific defines the "Quilted Diamond Design" as consisting of (individually and collectively) the following incontestable Georgia-Pacific trademark registrations:



Reg. No. 2,710,741 (Apr. 29, 2003)



Reg. No. 1,806,076 (Nov. 23, 1993)



Reg. No. 1,778,352 (June 22, 1993)



Reg. No. 1,979,345 (June 11, 1996)

*See* Second Action Complaint ¶ 2, Original Action Amended Complaint (Docket No. 30) ¶¶ 2, 24-27. Accordingly, both cases involve Georgia-Pacific's same intellectual property rights in the Quilted Diamond Design and satisfy Local Rule 40.4(a).

2. **The Cases Involve the Same Issues of Fact or Law.**

Although only one criteria from Local Rule 40.4 needs to be met in order for the cases to be related, here, the cases also satisfy Local Rule 40.4(b) because the cases involve the same issues of fact or law. The Original Action alleges infringement of the Quilted Diamond Design as a result

3

of the design on Kimberly-Clark's Cottonelle® bath tissue as well as the design on its Scott® Professional tissue.  The infringing Cottonelle Design embossed on Cottonelle® Ultra bath tissue is depicted below:



The infringing K-C Commercial Design embossed on Scott® Professional bath tissue is depicted below:



For more than a decade, Kimberly-Clark has been well aware of Georgia-Pacific's rights in the Quilted Diamond Design, having competed side-by-side on store shelves with Quilted Northern® bath tissue and having previously been involved in a trademark-infringement lawsuit over another infringing Kimberly-Clark emboss pattern.[3]  Despite its knowledge of Georgia-Pacific's rights and the claims being asserted in the Original Action, Kimberly-Clark recently introduced yet another bath tissue with a diamond-shaped design including "quilt-like" imagery – this time on its Scott® Extra Soft bath tissue ("Scott® Extra Soft Design") in purple packaging similar to the Quilted Northern® Ultra Plush packaging:

---

[3] A 1998 action between the parties was filed in the United States District Court for the Northern District of Illinois, Eastern Division, Civil Action No. 98C-7834.

 

The Scott® Extra Soft Design consists of a diamond-shaped design with bosses within the diamonds, very similar to the Quilted Diamond Design, particularly when it appears on actual tissue:

| Kimberly-Clark's Scott® Extra Soft Design | Georgia-Pacific's Registered Trademark Quilted Diamond Design |
|---|---|

 

| Kimberly-Clark's Scott® Extra Soft Design | Georgia-Pacific's Registered Trademark Quilted Diamond Design |
|---|---|
|  |  |

With the introduction of the Scott® Extra Soft Design, Kimberly-Clark continues its bad-faith pattern of infringing the Quilted Diamond Design to trade on the goodwill of the Quilted Northern brand. As a result, the facts for both cases are intertwined, including Georgia-Pacific's longstanding use of and rights in the Quilted Diamond Design and facts regarding Kimberly-Clark's reasons for adopting designs with a confusingly similar diamond element.

The claims in both cases also will require the Court's application of the same law to determine whether the designs are likely to cause confusion or are likely to dilute the distinctive quality of the Quilted Diamond Design. The Counts in the Amended Complaint for the Original Action and the Complaint in the Second Action are identical except for one claim. Both contain claims of unfair competition and trademark infringement under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), for trademark dilution under the antidilution laws of several states, for deceptive trade practices under the laws of several states, for unfair competition under the laws of Georgia, O.C.G.A. § 23-2-55, and for trademark infringement and unfair competition under the common law of several states. The Second Action contains one additional claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

Not only do these two cases involve *some* of the same issues of fact or law as required by the Local Rule, they contain essentially *all* of the same issues of law, as evidenced by the identity of the claims. *See DBD Franchising, Inc. v. DeLaurentis*, No. 09 C 669, 2009 WL 1766751, at * 6 (N.D. Ill. Jun. 23, 2009) (granting motion to relate where both cases "involve similar questions of fact and law" and "judicial economy requires that they be decided by the same judge."); *BP Corp. v. N. Trust Investments*, No. 08-CV-6029, 2009 WL 1684531, at * 2 (N.D. Ill. Jun. 15, 2009) (granting motion to relate and noting that "[t]wo cases need not be absolutely identical to be suitable for reassignment under Rule 40.4"). The cases are thus undeniably related.

### B. The Second Action Should Be Reassigned.

A case may be reassigned to another judge if it is found to be related and if each of the following criteria is met:

(1) both cases are pending in this Court;
(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
(4) the cases are susceptible of disposition in a single proceeding.

*See* Local Rule 40.4(b).

The first criteria cannot be disputed - both actions are pending in the Northern District of Illinois. Second, as discussed above, the cases involve the *same* parties, the *same* causes of action regarding the *same* Quilted Diamond Design, as well as Kimberly-Clark's overarching bad faith pattern of infringing the Quilted Diamond Design to trade on the goodwill of the Quilted Northern® brand. As a result of the Original Action, Judge Kendall already has been briefed on the rights claimed by Georgia-Pacific in the Quilted Diamond Design, Georgia-Pacific's specific causes of

action, and Kimberly-Clark's defenses to these same causes of action (including Kimberly-Clark's assertion of a functionality defense).  As a result, handling of both cases by the same judge will result in a substantial saving of judicial time and effort, and will avoid potentially inconsistent rulings on the same issues.  Involving another judge in a parallel proceeding is entirely unnecessary. *See, e.g., Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 WL 1848142, at *2 (N.D. Ill. Apr. 23, 2008) (stating that "[t]he rule promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common.").

Third, although reassignment of the Second Action may result in some delay to the Original Action, it would not substantially delay the proceedings.  A trial date has not been set yet for the Original Action and further discovery for the Original Action is set to resume after the Court rules on Kimberly-Clark's motion for summary judgment.  The substantial savings in judicial time and effort, due to the identity of the property and claims at issue, parties, and causes of action, justify any delay resulting from reassignment of the Second Action.  In addition, discovery in the Second Action could proceed while the summary judgment motions are pending in the Original Action, allowing the Second Action to "catch up" with the Original Action.

Finally, the cases are susceptible of disposition in a single proceeding.  Kimberly-Clark's motion for summary judgment asserts that the Quilted Diamond Design is functional.  Because of the recent launch of the Scott® Extra Soft bath tissue, Georgic-Pacific has moved this Court to temporarily stay briefing so that it may take essential (and previously unavailable) discovery concerning this newest infringing emboss pattern.  *See* Docket No. 132.  As Kimberly-Clark conceded in oral argument on November 19, 2009, the Court's decision on the alleged functionality of the Quilted Diamond Design in the Original Action could lead to the disposition of both proceedings.  Similarly, a finding of infringement in the Original Action likely would compel

an identical finding in the Second Action, again disposing of both cases simultaneously. Under either scenario, the elements of LR 40.4(b)(4) have been satisfied.

## II. CONCLUSION

Due to the relatedness of the cases, as well as the fact that reassignment would satisfy the conditions set forth in Local Rule 40.4(b), Georgia-Pacific respectfully requests that its motion to relate Civil Action No. 09-CV-7157 (currently assigned to Judge Robert M. Dow Jr.) to Civil Action No. 09-CV-2263 and reassign this action to Judge Virginia M. Kendall.

DATE: December 3, 2009

Respectfully Submitted,

/s/ John A. Leja
John A. Leja (IL Bar No. 6256269)
Gary Y. Leung (IL Bar No. 6277889)
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Tel. 312-849-8100   Fax 312-849-3690
Email: jleja@mcguirewoods.com
          gleung@mcguirewoods.com

William H. Brewster
R. Charles Henn Jr.
KILPATRICK STOCKTON LLP
1100 Peachtree St., Ste. 2800
Atlanta, Georgia 30309-4530
Tel. 404-815-6500  Fax 404-815-6555
Email: BBrewster@KilpatrickStockton.com
          CHenn@KilpatrickStockton.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY-CLARK CORPORATION, KIMBERLY-CLARK GLOBAL SALES, INC., and KIMBERLY-CLARK WORLDWIDE, INC. <br><br> Defendants. | Civil Action No. 09 CV 2263 <br><br> Judge Virginia M. Kendall |

### CERTIFICATE OF SERVICE

The foregoing **PLAINTIFF'S MOTION FOR REASSIGNMENT BASED ON RELATEDNESS** has been electronically filed using the CM/ECF system which will automatically send service copies via email notification to the following attorneys of record:

> Jeffrey A. Handelman
> Howard S. Michael
> Brinks Hofer Gilson & Lione
> 455 North Cityfront Plaza Drive, 3600 NBC Tower
> Chicago, IL  60611-5599

Date: December 3, 2009

> /s/ John A. Leja
> John A. Leja
> Counsel for Plaintiff