

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GEORGIA-PACIFIC CONSUMER  )
PRODUCTS LP,              )
                          ) No. 1:09-CV-02263
            Plaintiff,    )
                          ) Magistrate Judge
v.                        ) Arlander Keys
                          )
KIMBERLY-CLARK CORPORATION,)
KIMBERLY-CLARK GLOBAL SALES,)
INC., and KIMBERLY-CLARK  )
WORLDWIDE, INC.,          )

            Defendants.

## MEMORANDUM OPINION AND ORDER

On September 30, 2010, the District Court granted Defendants', Kimberly-Clark Corporation, Kimberly-Clark Global Sales, Inc., and Kimberly-Clark Worldwide, Inc. (collectively "Kimberly-Clark"), motion for summary judgment against Plaintiff, Georgia-Pacific Consumer Products, LP ("Georgia-Pacific").[1] Now before the Court, is Kimberly-Clark's Motion for Attorneys' Fees and Related Expenses, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), and Fed.R.Civ.P. 54(d), which both authorize an award of reasonable attorneys' fees to the prevailing party in "exceptional cases." Plaintiff contends that Defendants are not entitled to attorneys' fees, as the case is

---

[1] The District Court was affirmed by the Seventh Circuit Court of Appeals on July 28, 2011. (*Georgia-Pacific Consumer Products, LP v. Kimberly-Clark Corp.*, No. 10-3519, 2011 WL 3200702 (7th Cir. 2011).

not of the "exceptional" variety. For the reasons set forth below, Defendants' Motion for Attorneys' Fees and Related Expenses is Denied.

**DISCUSSION**

The facts of this case are fully set forth in the District Court's September 30, 2010 Memorandum Opinion and Order. Georgia-Pacific Consumer Products, LP v. Kimberly-Clark Corp., No. 09 C 2263, 749 F.Supp.2d 787 (N.D. Ill. Sep. 30, 2010). To summarize: Georgia-Pacific and Kimberly-Clark both manufacture and sell bath tissue; they are long-time competitors. Georgia-Pacific sells products under the "Quilted Northern" brand. Kimberly-Clark sells under several brands, including "Cottonelle Ultra", Scott Kimberly-Clark Professional," and "Scott® Extra Soft Tissue."

Plaintiff's bath tissue is embossed with a Quilted Diamond Design, and Plaintiff asserts that its rights in diamond-shaped designs on bath tissue are protected by several trademarks, copyrights, and utility and design patents. After discovering that several of Kimberly-Clark's brands utilized a quilted-like diamond design, Plaintiff filed suit against Defendants under the Lanham Act, 15 U.S.C. § 1051 et seq., and various state statutes alleging unfair competition and trademark infringement. The Court granted summary judgment in favor of Defendants, upon the

determination that Plaintiff's Quilted Diamond Design was functional, and thus could not be trademarked. Defendants now seek an award of attorneys' fees and related expenses, arguing that the entire lawsuit was oppressive under § 1117(a) of the Lanham Act.

Although § 1117 is ordinarily invoked in cases where prevailing parties have proven infringement, "it may in exceptional circumstances, and when proven by clear and convincing evidence, 'provide protection against unfounded suits brought by trademark owners for harassment and the like.'" Finance Inv. Co. (Bermuda) Ltd. v. Geberit AG, 165 F.3d 526, 533 (7th Cir. 1998) (quoting Otis Clapp & Son, Inc. v. Filmore Vitamin Co., 754 F.2d 738, 746 (7th Cir. 1985). In determining whether a case is "exceptional," a prevailing defendant must make an unambiguous showing of plaintiff's conduct as being "oppressive." Door Sys., Inc. v. Pro-Line Sys., Inc., 126 F.3d 1028, 1029-30, 1032 (7th Cir. 1997) (citations omitted). The Seventh Circuit has held that a case is "oppressive" if the following three elements are all met: (1) the plaintiff's action lacked merit, (2) the plaintiff's action had elements of an abuse of process claim, and (3) plaintiff's conduct unreasonably increased the cost of defending against the suit. S Indus., Inc. V. Centra 2000, Inc., 249 F.3d 625, 627 (7th Cir. 2001) (citing Door Sys., 126 F.3d at 1031). However, even if a suit is

<pre>                                3</pre>

exceptional, the decision to award attorneys' fees "remains equitable in nature, calling upon the court to exercise its sound discretion." See PS Promotions, Inc. v. Stern, 97 C 3742, 2001 WL 293033, at *2 (N.D.Ill. Mar.23, 2001) (citing BASF Corp. v. Old World Trading Co., 41 F.3d 1081, 1099 (7th Cir.1994) (Dorr-Oliver Inc. v. Fluid Quip, Inc., 966 F.Supp. 718, 720 (N.D. Ill. 1997) (same)).

Defendants argue that Plaintiff's conduct in this litigation satisfies all three elements of an "oppressive case," and urges the Court to therefore award fees and costs. The Court will analyze each element in turn.

## I. Did Plaintiff's Action Lack Merit?

Defendants hardly address this prong, offering only the fact that summary judgment was granted due to Plaintiff's trademarked design being deemed functional as the reason, in and of itself, the action lacked merit. Kimberly-Clark has missed the mark on what a case that lacks merit entails. A courts rejection of plaintiff's arguments does not automatically constitute an oppressive lawsuit which lacks merit. See Dorr-Oliver, Inc. v. Fluid-Quip, Inc., 132 F.3d 36, No. 97-2706, 1997 WL 800872, at *2 (7th Cir. 1997). The District Court's finding that Georgia-Pacific's Quilted Diamond Design is functional, based on an analysis of its utility patents, does not make this case exceptional for purposes of awarding fees. A case which clearly

lacked merit in an exceptional way, is one where plaintiff, for instance, does not even have a federally protected right to defend, but files suit anyway. In S Indus., 249 F.3d 625, the District Court granted attorneys' fees for several reasons, one being that the claims were meritless, since the plaintiff had no federal registration, but was nonetheless alleging infringement for an indefensible claim. The Late Judge Terence Evans explained, "from the outset, S industries had no federally protected right to defend. In fact, it appears it also had no product to protect from infringement. During the 4 years of litigation in this case, S Industries failed to produce evidence of a single sale." Id. at 627. Georgia-Pacific has four incontestable federal trademark registrations, has sold billions of dollars in the bath tissue market, and enforced its trademark rights in its Quilted Diamond Design for years. Plaintiff's action did not lack merit purely because summary judgment was granted to Defendants after a thorough analysis of Plaintiff's utility patents.

## II. Did Plaintiff's Action Have Elements of an Abuse of Process Claim?

Kimberly-Clark posits several arguments here, including allegations of oppressive litigation conduct, failure to disclose utility patents, and mischaracterizing the record in several ways. None of the allegations, however, reach a level of being clearly and convincingly oppressive. To be sure, the discovery

was complex, and during it thousands upon thousands of documents were turned over for review. Venue changed from Georgia, where both parties are headquartered, to Illinois. There was extensive motion practice. Additional witnesses were requested. But where "both sides [are] equally litigious" and "there [are] many hotly contested issues of great concern to each side," an award of attorneys' fees is not justified "to penalize by hindsight a party that pursued its position aggressively." Dorr-Oliver, 966 F. Supp. at 721, 722. Therefore, all of the actions mentioned above that Defendants would like to characterize as oppressive, are simply what comes with the territory - a territory Defendants are just as well versed in - of protecting the intellectual property interest of a multi-billion dollar company. "[T]he bounds of zealous advocacy [are] a far cry from...egregious harassment...which clearly qualifies as oppressive," and Plaintiff never entered the latter space. TE-TA-MA Truth Foundation-Family of URI, Inc. v. World Church of the Creator, 392 F.3d 248, 264, (7th Cir. 2004).

Although Kimberly-Clark's document requests never mentioned utility patents, Defendants, nonetheless, assert Plaintiff's failure to disclose several utility patents as grounds for finding this case oppressive. However, it has been the position for over a century now, that utility patents are public records that are open and available for the world to see. In 1898, the

Seventh Circuit explained that "[e]very one is constructively bound with notice of the issue of a patent." American Soda-Fountain Co. v. Swietusch, 85 F. 968, 969 (7th Cir. 1898). Defendant's frustration is duly noted, as it would have been ideal if Plaintiff had underscored the fact that they possessed several utility patents related to the product at issue. Ironically, Georgia-Pacific actually had the relevant utility patents listed on the packaging of their Quilted Northern products. Either way, the utility patent could not have somehow been oppressively obfuscated, as it was indeed public knowledge.

Finally, Defendants' last-ditch effort to satisfy the second element of an oppressive case comes by way of an assertion that Plaintiff mischaracterized the record in two ways. First, Kimberly-Clark suggests that Georgia-Pacific claimed Defendants were uncooperative to discovery, including producing electronically stored information. In actuality, Kimberly-Clark was cooperative with producing ESI. Secondly, Georgia-Pacific inaccurately argued that its trademark applications were filed before the cited utility patents application, when only one of the four asserted trademarks was filed before a cited utility patent. Neither of these issues escalate anywhere near the level of an abuse of process deemed "oppressive" and "exceptional."

**III. Did Plaintiff's Conduct Unreasonably Increase the Cost of Defending Against the Suit?**

Naturally, Defendants opine that Plaintiff's conduct unreasonably increased the cost of defending the suit. Yet, Defendants fail to point to any specific instance that could be regarded as oppressive, exceptional, or unlike the cost required to defend against a trademark infringement suit between any two multi-billion dollar companies. Extensive discovery, defending depositions, exchanging expert reports, and responding on the merits to motions are garden variety expenditures in such cases. Thus the third, and final element of an "oppressive case" is not met, as well.

In enacting the attorneys' fees provision in the Lanham Act, Congress explained it would "provide protection against unfounded suits brought by trademark owners for harassment and the like...[and] would give defendants a remedy against unfounded suits." See H.R. Rep No. 93-524,93d Cong., 1st Sess. (1973), reprinted in 1974 U.S.C.C.A.N 7132, at 7136-37. Plaintiff's action was not unfounded -just rejected. It was not filed or litigated in a harassing manner, but in a manner of legitimate advocacy of its believed rights.

The "American Rule" of civil justice is that "each side must bear its own attorneys' fees absent a statute or contract provision to the contrary." Alyeska Pipeline Service Co. v.

Wilderness Society, 421 U.S. 240, 258-259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). Section 35(a) of the Lanham Act allows an exception to the "American Rule" if the court, in the exercise of its discretion, finds the case to be exceptional. Kimberly-Clark did not prove, by clear and convincing evidence, that the conduct of Georgia-Pacific was oppressive. Therefore, this trademark case is not exceptional and Defendants' motion for an award of attorneys' fees and related costs is DENIED.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Attorneys' Fees and Related Expenses, pursuant to Section 35(a) of the Lanham Act and Rule 54(d) of the Federal Rules of Civil Procedure, is DENIED.

Dated: August 15, 2011

ENTERED:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge